UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LINDA BAILEY, )<br>)<br>     Plaintiff, )<br>)<br>v. )<br>)<br>JOANNE B. BARNHART, Commissioner )<br>of Social Security, )<br>)<br>     Defendant. ) | CASE NO. 1:03-cv-1699-DFH-WTL |

ENTRY ON APPLICATION FOR ATTORNEY FEE AWARD

Plaintiff Linda Bailey won a remand of the denial of her application for disability insurance benefits. She has applied for an award of $2,625.00 in attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) and for costs of $150.00 under 28 U.S.C. § 2412(a). The defendant opposes the application on the ground that the government's position was substantially justified.

*Standards under the Equal Access to Justice Act*

The EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . , including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United

>States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). In general, to be eligible for a fee award under this provision, four elements must be satisfied: (1) the claimant was a "prevailing party"; (2) the Commissioner's position was not "substantially justified"; (3) no "special circumstances make an award unjust"; and (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), any fee application was submitted to the court within 30 days of final judgment in the action and was supported by an itemized application. See *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990). (The EAJA also uses financial means tests for award eligibility, see 28 U.S.C. § 2412(d)(2)(B), but those tests are unlikely to come into play for a person seeking disability benefits under the Social Security Act.) Ms. Bailey is a "prevailing party" for purposes of the EAJA. See *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993) (remand under sentence four of 42 U.S.C. § 405(g) makes the plaintiff a prevailing party under the EAJA). The only issue the Commissioner has raised is whether her position was "substantially justified."

The Commissioner has the burden of proving that her position was substantially justified. *Jackson v. Chater*, 94 F.3d 274, 278 (7th Cir. 1996); *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994). The court will look to both the agency's pre-litigation conduct and its litigation position. *Cummings v. Sullivan*, 950 F.2d 492, 496 (7th Cir. 1991); 28 U.S.C. § 2412(d)(2)(D) (for purposes of fee award under EAJA, "'position of the United States' means, in

addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based"). To be "substantially justified," the Commissioner's position must have a reasonable basis in law and fact. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *Jackson*, 94 F.3d at 278. It must be stronger than merely non-frivolous. *Pierce*, 487 U.S. at 565-66. On the other hand, the Commissioner's position need not have been correct. See *Jackson*, 94 F.3d at 278, quoting *Pierce*, 487 U.S. at 566 n.2. "Substantially justified" does not mean "justified to a high degree"; the standard is satisfied if there is a "genuine dispute," or if reasonable persons could differ as to the appropriateness of the contested action. *Stein v. Sullivan*, 966 F.2d 317, 320 (7th Cir. 1992), citing *Pierce*, 487 U.S. at 565.

The standard of review that applies to the merits of benefits decisions is deferential to the Commissioner. However, if the court has remanded the denial of benefits, that deferential standard of review does not automatically mean that the Commissioner's position must have been substantially justified for purposes of the EAJA. See, *e.g., Kolman v. Shalala*, 39 F.3d 173, 177 (7th Cir. 1994). Under the EAJA, the test is whether the Commissioner had a rational ground for thinking that she had a rational ground for denying benefits. See *id.*

*Discussion*

The Commissioner's position in this litigation was substantially justified. The remand in this case was based on the ALJ's failure to explain one step in his reasoning. In finding that Ms. Bailey was capable of some work available in the national economy, the ALJ found that she was capable of sitting up to eight hours in an eight-hour work day. The supporting evidence showed that doctors had reported that Ms. Bailey was capable of sitting up to six hours in an eight hour work day. The court remanded because the two-hour gap was not explained, and because the court could not find that the gap was harmless.

In opposing the plaintiff's fee application, the Commissioner has explained how an ALJ might reasonably have omitted an explanation on that point. The doctors fill out forms that have spaces with a maximum of six hours, even if they believe the complaint may sit for longer. Also, the ALJ found that Ms. Bailey was capable of light work, which would imply that at least some of her working time would be spent standing or walking. See SSR 83-10; 20 C.F.R. § 404.1567(b).

As noted, the court must consider both the agency's pre-litigation conduct (here, the ALJ's decision) and its litigation position. Without excusing the ALJ's failure to explain his leap from six hours in the evidence to eight hours in his findings, the court cannot say that the Commissioner's position lacked substantial justification in this case under the standard that applies under the EAJA. Also,

in the litigation, the Commissioner was required to defend the ALJ's decision against many attacks. The court did not reach all of the issues, but the court is confident that the Commissioner's litigating position was substantially justified despite the loss on one decisive but narrow and close issue. See *Cummings v. Sullivan*, 950 F.2d 492, 498 (7th Cir. 1991) (closeness of case on merits tended to show substantial justification under EAJA).

Accordingly, plaintiff's application for attorney fees and costs is hereby denied.

Date:  June 28, 2005

_____
DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Charles D. Hankey
charleshankey@hankeylawoffice.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov